**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** **CASE NO. 05-MC-73504**

**vs.**

**DISTRICT JUDGE ARTHUR J. TARNOW**

**KENNETH J. GRAHAM, et al.,** **MAGISTRATE JUDGE MONA K. MAJZOUB**

**Defendants.**
**______________________________/**

# REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that non-party victim ThyssenKrupp Materials NA, Inc.'s Motion for Post-Judgment Discovery and for Repatriation of Property (docket no. 101) be **DENIED**.

## II. REPORT:

This matter comes before the Court on non-party victim ThyssenKrupp Materials NA, Inc.'s Motion for Post-Judgment Discovery and for Repatriation of Property. (Docket no. 101). No response has been filed and the time for responding has expired. The motion has been referred to the undersigned for action. (Docket no. 103). Because this is a post-judgment motion the Court must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993); *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D.Mich. 2003). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

### A. Facts and Procedural History

Defendant Kenneth Graham was sentenced in August 2005 to a seventy-five month sentence after he was convicted of conspiracy to commit mail fraud, filing false tax returns, and money laundering in connection with an apparent kickback scheme during his employment at ThyssenKrupp Materials NA, Inc. ThyssenKrupp maintains that Defendant was ordered to pay restitution to ThyssenKrupp in the amount of $8.8 million. (Docket no. 101). On September 12, 2005 the government initiated this case by filling an application for writ of continuing garnishment directed to Comerica Bank as garnishee. (Docket no. 1). The government subsequently applied for writs of continuing garnishment against ThyssenKrupp Materials NA, Inc. Pension Plan and Northern Trust Bank. (Docket nos. 18, 61, 64). At the time it applied for the writ of continuing garnishment against Northern Trust Bank, the government revealed that the sum of $1,143,994.40 had been credited to the judgment debt, leaving a balance of $8,079,609.17 owed to ThyssenKrupp as of February 2007. (Docket no. 64).

In the midst of all of this ThyssenKrupp filed the instant Motion for Post-Judgment Discovery and for Repatriation of Property. (Docket no. 101). ThyssenKrupp maintains that the government has collected substantial assets and monies from Defendant on its behalf, but has not satisfied the entire obligation, and does not presently have the time to update discovery of Defendant's assets or collect the remainder of Defendant's debt to ThyssenKrupp. ThyssenKrupp avers that Defendant may have substantial assets in Scotland, "and perhaps elsewhere, including bank accounts and interests in real property." (Docket no. 101). Accordingly, ThyssenKrupp requests that the Court grant it leave under 18 U.S.C. § 3664(m)(1)(A) to conduct post-judgment discovery into Defendant's U.S.-held and overseas assets, and order Defendant to repatriate his overseas assets and property interests.

**B. Analysis**

18 U.S.C. § 3664(m)(1)(A) allows the government to enforce an order of restitution. Victims named in the restitution order have their own independent right to enforce a restitution order pursuant to 18 U.S.C. § 3664(m)(1)(B). Section 3664(m)(1)(B) provides:

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

18 U.S.C. § 3664(m)(1)(B). Thus, the statute allows "victims named in restitution orders to obtain and register a judgment lien on the defendant's property that then operates as a lien on the property under state law." *United States v. Perry*, 360 F.3d 519, 524 (6th Cir.2004) (citing §§ 3664(m)(1)(B), (d)(2)(A)(v)); *United States v. Miller,* 588 F.Supp.2d 789, 802 (W.D. Mich. 2008) ("the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order," and by doing so obtain a lien on the property of the defendant).

In support of the instant motion, ThyssenKrupp did not provide the Court with a copy of the restitution order to show that it was named in that order, and did not demonstrate that it obtained a lien on Defendant's property in accordance with 18 U.S.C. § 3664(m)(1)(B). ThyssenKrupp also did not cite to any authority that would permit the Court to allow ThyssenKrupp to undertake the government's job of discovering Defendant's assets and enforcing the government's lien under § 3664(m)(1)(A). *See* 18 U.S.C. § 3613(c) (an order of restitution is treated as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the

person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."). Furthermore, ThyssenKrupp failed to provide any evidence that Defendant still owes it money under the restitution order. Finally, although ThyssenKrupp was made aware that Defendant is no longer represented by the most recent attorney of record, it does not appear that it made any effort to identify Defendant's last known address and serve this motion on Defendant. (Docket nos. 101, 104).

For these reasons, the Court recommends that ThyssenKrupp's Motion for Post-Judgment Discovery and for Repatriation of Property (docket no. 101) be denied.

**III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 12, 2011

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that on this date a copy of this Report and Recommendation was served upon Counsel of Record and was mailed to Kenneth Graham at his last known address of 35 Scenic Oaks Drive N, Bloomfield Hills, MI 48304 (docket no. 67).

Dated: August 12, 2011

s/ Lisa C. Bartlett
Case Manager