UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                          Case No.  05-73504

                    Plaintiff,                     HONORABLE ARTHUR J. TARNOW
v.                                                 SENIOR UNITED STATES DISTRICT JUDGE

KENNETH J. GRAHAM, ET AL.,                         HONORABLE MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

                    Defendants.
_____/


**ORDER OVERRULING NON-PARTY VICTIM THYSSENKRUPP MATERIALS NA, INC.'S OBJECTION [107] AND ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [106] AND DENYING NON-PARTY VICTIM THYSSENKRUPP MATERIALS NA, INC.'S MOTION FOR POST-JUDGMENT DISCOVERY AND REPATRIATION OF PROPERTY [101]**

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [106] of August 12, 2011.  The Report and Recommendation recommends that non-party victim ThyssenKrupp Materials NA, Inc.'s ("ThyssenKrupp") Motion for Post-Judgment Discovery and Repatriation of Property be denied.  On August 25, 2011, ThyssenKrupp filed an Objection [107].  Defendant's former attorney filed a Response [108] on August 30, 2011.

**I.      Standard of Review**

This Court reviews objections to a Magistrate Judge's R&R *de novo.  See* 28 U.S.C. §636(b)(1)(C).

**II.     Analysis**

**A. Introduction**

The Magistrate Judge's R&R provides a good summary of the facts and procedural history of this case that this Court adopts in full.  ThyssenKrupp's instant Motion for Post-Judgment Discovery and Repatriation [101] was filed on December 30, 2010.  In its motion ThyssenKrupp

2:05-mc-73504-AJT   Doc # 110   Filed 10/27/11   Pg 2 of 6   Pg ID 731

requested that it be permitted to conduct post-judgment discovery of Defendant's financial status

and assets, in lieu of the United States, to satisfy the criminal restitution order entered against

Defendant by this Court; according to said order, Defendant owes restitution to ThyssenKrupp in

the amount of over $8,000,000.

The Court has reviewed the record in the case and adopts, in part, the R&R and its

recommendation that ThyssenKrupp's motion be denied.

**B. ThyssenKrupp's Objections**

ThyssenKrupp noted five (5) specific objections to the R&R.

### 1.      ThyssenKrupp Named in the Criminal Restitution Order

The R&R noted that "ThyssenKrupp did not provide the Court with a copy of the restitution

order to show that it was named in that order . . . ."  R&R at 3.  In its objection to the R&R

ThyssenKrupp noted that it had included in its original motion the docket number of the restitution

order in which ThyssenKrupp was named as a victim.  Reviewing a copy of the restitution order

reveals that ThyssenKrupp was entitled to restitution.  As a result, ThyssenKrupp's objection as to

this aspect of the R&R is well-taken.

### 2.      Service Upon Defendant and Proof of Defendant's Remaining Restitution Obligation to ThyssenKrupp.

ThyssenKrupp's fourth and fifth objections focus on the Magistrate Judge's determination

that ThyssenKrupp had not sufficiently demonstrated that it was still owed restitution from the

Defendant, and that ThyssenKrupp had not properly served the Defendant with a copy of its motion.

ThyssenKrupp's objections are interrelated, as it argued that it had properly served Defendant, and

that Defendant would therefore have responded to the objection had he not, in fact, still owed

ThyssenKrupp restitution. The Magistrate Judge was correct in her determination that ThyssenKrupp

had not properly served the Defendant, as clearly demonstrated by the Response [108] of the Defendant's former attorney to ThyssenKrupp's objection and ThyssenKrupp's subsequent docketing of a certificate of service of its motion and objection on Defendant on September 8, 2011.

Following proper service of Defendant, and after sufficient time for a response by Defendant to ThyssenKrupp's motion or objection, ThyssenKrupp is correct in its argument that Defendant would have responded had he not, in fact, still owed restitution to ThyssenKrupp. Moreover, in obtaining a lien on defendant's property, as discussed below, ThyssenKrupp would have to present evidence that it was still owed restitution by Defendant. Thus, remedying the issues noted by the Magistrate Judge, ThyssenKrupp has sufficiently justified its objection to the portion of the Magistrate Judge's R&R concerning proper service of, and evidence of restitution owed by, the Defendant to ThyssenKrupp.

### 3. ThyssenKrupp's Request to Conduct Discovery

ThyssenKrupp's second and third objection relate to the Magistrate Judge's report that ThyssenKrupp had provided no authority for the argument that it be permitted to undertake discovery of Defendant's assets in lieu of the government, and the related report that ThyssenKrupp had not attempted to independently enforce the restitution order through a lien as contemplated in 18 U.S.C. § 3664(m)(1)(B). ThyssenKrupp's objects that while discovery under 18 U.S.C. § 3644(m)(1)(A) is "typically the provenance of the government . . . [i]n this case, without discovery, the statute . . . would be eviscerated because no other efforts are being taken to discover or collect [Defendant]'s overseas assets." Obj. at 2. ThyssenKrupp argues that this Court's "inherent right to enforce its own judgments and orders is sufficient authority" to delegate the responsibility vested in the United States by 18 U.S.C. § 3664(m)(1)(A) to a private party. *Id.* at 3.

Contrary to ThyssenKrupp's assertion, discovery under 18 U.S.C. § 3644(m)(1)(A) is not "typically" the responsibility of the government. Rather, 18 U.S.C. §§ 3612(c) and 3644(m)(1)(A) specifically vest the government with the responsibility for collection of unpaid restitution and enforcement of restitution orders. "The Attorney General shall be responsible for collection of an unpaid fine or restitution." 18 U.S.C. § 3612(c). "An order of restitution may be enforced by the United States . . . ." 18 U.S.C. § 3644(m)(1)(A)(i). There is no contemplation within said sections of delegation of this authority to private parties; indeed, 18 U.S.C. § 3612(c) specifically states that the statute does not create a right of action by a private party against the United States with regards to the restitution. Thus, the statute contemplates that the government alone will be responsible for collection of restitution, and private parties awaiting restitution are not given a private right of action by the statute.

In addition, 18 U.S.C. § 3644(m)(1)(B) allows a victim such as ThyssenKrupp to, following an order for restitution, obtain an abstract of judgment from the clerk of the court which can then be used to initiate a proceeding to place a lien on any property a Defendant has in the state in which the court the abstract of judgment is docketed in sits. In such a proceeding ThyssenKrupp would have the opportunity to conduct discovery and issue interrogatories in relation to Defendant's alleged overseas assets.

Given that ThyssenKrupp has the option of pursuing its own remedy with regards to both discovery and satisfying the order of restitution, this Court will not ignore the plain language of the statutes in question and delegate authority that is vested in the United States to collect and enforce a restitution order. Therefore, ThyssenKrupp's second and third objections must be denied.

4

**III.     Conclusion**

The Court has reviewed the record and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [106]

is **ADOPTED IN PART** and entered as the findings and conclusions of the Court as to the

recommendation that Defendant's Motion for Post-Judgment Discovery and Repatriation of

Assets[101] be **DENIED.**

**SO ORDERED**.

<table>
<tr><td></td><td>s/Arthur J. Tarnow</td></tr>
<tr><td></td><td>Arthur J. Tarnow</td></tr>
<tr><td>Dated: October 27, 2011</td><td>Senior United States District Judge</td></tr>
</table>

---

**CERTIFICATE OF SERVICE**

I hereby certify on October 27, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 27, 2011: **None**.

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182

6